**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  RUSSELL ("RUSS") C. MENEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-15-20-R |
| | ) | |
| 1.  MIDDEL WINGS, LLC d/b/a | ) | |
| BUFFALO WILD WINGS, | ) | |
| 2.  WINGS TEAM MANAGEMENT | ) | |
| CORPORATION d/b/a | ) | |
| BUFFALO WILD WINGS, and | ) | |
| 3.  WAYLON BLAND, an individual, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | ATTORNEY LIEN CLAIMED |

**COMPLAINT**

**COMES NOW** the Plaintiff, Russell ("Russ") C. Menear, and for his Complaint against Defendants MidDel Wings, LLC d/b/a Buffalo Wild Wings, Wings Team Management Corporation d/b/a Buffalo Wild Wings (collectively "Defendant entities"), and Waylon Bland hereby states as follows:

**PARTIES**

1. Plaintiff Russell ("Russ") C. Menear ("Plaintiff") is an adult male residing in Oklahoma County, Oklahoma.

2. Defendants are:

    a.   MidDel Wings, LLC d/b/a Buffalo Wild Wings ("MidDel Wings"), a limited liability company conducting business in and around Oklahoma County, Oklahoma;

    b.   Wings Team Management Corporation d/b/a Buffalo Wild Wings ("Wings Team Management"), a corporation conducting business in and around Oklahoma County, Oklahoma; and

    c.   Waylon Bland ("Bland"), an adult male employed at all relevant times hereto by Defendant entities.

1

**JURISDICTION AND VENUE**

3.      Plaintiff's causes of action are based on age discrimination in his employment with the Defendant entities in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff also asserts a state law cause of action for negligent training and supervision, and interference with a contractual/employment relationship/ prospective economic advantage.

4.      Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331. Plaintiff's corresponding state law claims arise out of the same core of operative facts and jurisdiction over such claims is vested in this Court under 28 U.S.C. §1367.

5.      Plaintiff has exhausted his administrative remedies as to the above-listed claims as outlined herein. Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received his notices of right to sue by mail dated October 15, 2014 (received by Plaintiff thereafter) and timely filed his Complaint within ninety (90) days of receipt of such notices. Plaintiff timely filed additional Charges of Discrimination on or about October 20, 2014 and January 6, 2015. Those Charges are still pending.

6.      All of the claims complained of herein occurred in or around Oklahoma County, Oklahoma. Defendants MidDel Wings and Wings Team Management are doing business in such county and may be served in such county. Defendant Bland was at all relevant times employed by the Defendant entities in and around Oklahoma County and may be served in Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7.     MidDel Wings is part of a franchise company that owns and operates Buffalo Wild Wings restaurants. Upon information and belief, the franchise company that operates MidDel Wings (and other entities doing business as Buffalo Wild Wings restaurants) is jointly owned by Wings Team Management; F.S.K.J., LLC; H&M Resources, LLC; Mark S. Group Corporation, and Wild Wings West, LLC.

8.     Plaintiff, who was born in 1959 (making him over age 40 at all relevant times hereto), began his employment with the Defendant entities on or about October 3, 2013. Plaintiff was initially hired as an Assistant Manager, working at the Buffalo Wild Wings restaurant located at Interstate 40 and Rockwell Avenue in Oklahoma City, Oklahoma.[1]

9.     Approximately two months later, in or around December 2013, Plaintiff was transferred to the Buffalo Wild Wings restaurant (owned and operated by Defendants) located in Del City, Oklahoma.[2]

10.    At the Del City location, Plaintiff's immediate supervisor was Assistant General Manager Rusty Long. Long, in turn, reported to the District Manager, who was Plaintiff's second-level supervisor.

11.    In or around February 2014, Waylon Bland (believed to be in his 30s) became the District Manager for the Buffalo Wild Wings restaurant located in Del City where Plaintiff was working. The District for which Bland was responsible also included the Buffalo Wild Wings restaurants (owned and operated by Defendants) located in Moore and

---

[1] While working at the Buffalo Wild Wings located on Rockwell, Plaintiff received paychecks from I-40 Wings, LLC. And, Plaintiff's W-2 for the earnings he received while at the Rockwell location named I-40 Wings, LLC as his "Employer."

[2] During the time Plaintiff worked at the Del City location, Plaintiff received paychecks from MidDel Wings, LLC. And, Plaintiff's W-2, for the period of time Plaintiff worked at the Del City location, named MidDel Wings, LLC as his "Employer."

Norman, Oklahoma.

12. Throughout Plaintiff's employment, Plaintiff was consistently recognized as a satisfactory, or better, employee. Despite this, after Bland began working as the District Manager, Bland began subjecting Plaintiff to less favorable treatment and more harsh work standards than Plaintiff's similarly-situated, younger co-workers.

13. More particularly, on or about June 7, 2014, Plaintiff was issued written discipline for allegedly not performing required paperwork and due to a customer complaint. However, the stated reason for the write-up was pretext.

14. The paperwork Bland alleged Plaintiff was required to complete had not previously been required. And, Plaintiff followed established company policy regarding the customer's complaint (which related to the channel assigned to one of the big screen televisions in the Del City restaurant).

15. Further, other managers were not disciplined by Bland for similar or more egregious policy violations. By way of example, another manager (believed to be in his 30s) was promoted to Kitchen Manager after a customer complained that the manager cussed out a server in front of customers and was smoking marijuana in the parking lot.

16. On or about June 12, 2014, Bland terminated Plaintiff, claiming that Plaintiff allegedly violated company policy when he interviewed a former employee for a position and passed the candidate on to Long for a second interview.

17. Bland alleged it was company policy that former employees, reapplying for a position, should be sent directly to Bland before conducting an interview. However, Plaintiff had not been notified of any such policy. Moreover, while Long ultimately hired the individual (and did not notify Bland prior to doing so), Long (who is significantly younger than Plaintiff) was not terminated.

18. Plaintiff was replaced by an individual believed to be in his 20s. And, significantly, such individual was hired about three (3) weeks prior to Plaintiff's termination. In fact, before firing Plaintiff, Bland commented that Bland did not know where he was going to place the individual because, at the time, there was not a position available for the individual at the Del City location.

19. During Plaintiff's employment, no anti-discrimination training was provided.

20. As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

### COUNT I - Age Discrimination

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

21. This count goes against the Defendant entities only.

22. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

23. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, was discharged, and his position was not eliminated after his termination. He was also replaced by a significantly younger individual and treated less favorably than his similarly-situated, younger counterparts during his employment.

24. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

## COUNT II - Negligent Supervision And Training

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

25. This Count goes against the Defendant entities only.

26. The acts of Defendants, as described above, constitute the tort of negligent supervision and training.

27. Defendants had a duty to properly supervise and train their employees to refrain from engaging in unlawful discrimination.

28. Defendants breached their duty.

29. At the critical time of the tortious incidents described herein, Defendants knew or should have known their employees/agents would create an undue risk of harm to others, as Defendants failed to provide anti-discrimination training.

30. As a direct and proximate cause of Defendants' negligence, Plaintiff was harmed.

31. As damages, Plaintiff is entitled to all damages allowed by state law.

## COUNT III - Tortious Interference

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. This count goes against Defendant Bland only.

33. The acts above-described constitute unlawful interference with a contractual/employment relationship/prospective economic advantage. Defendant Bland's actions were malicious and caused an actual harm to Plaintiff's employment relationship. Bland had no justification, excuse, or privilege for such interference.

34. Plaintiff had a business relationship with MidDel Wings.

35. Defendant Bland, as the District Manager over MidDel Wings (but who upon information and belief was employed by a different legal entity) knew of the relationship between Plaintiff and MidDel Wings.

36. Defendant Bland interfered with the relationship by intentionally and unlawfully terminating Plaintiff because of Plaintiff's age.

37. Defendant Bland did not have an honest intent in terminating Plaintiff, rather Bland's stated basis for terminating Plaintiff was pretext for age discrimination.

38. As a direct or proximate result of Defendant Bland's actions, Plaintiff has been damaged and is entitled to all damages allowed by state law.

## REQUEST FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award actual and compensatory damages, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 7th day of January, 2015.

s/Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**